# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNIE DEWAYNE JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-136-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie Dewayne Johnson pleaded guilty to fraudulent use of an unauthorized access device, a violation of 18 U.S.C. § 1029(a)(2). The district court sentenced him to 33 months of imprisonment and a two-year term of supervised release. Johnson contends that his sentence is procedurally unreasonable because the district court did not state if its denial of a downward departure under U.S.S.G. § 5G1.3 was based on the Government's erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assertion that Johnson's state convictions were not relevant conduct to the instant federal matter. Johnson argued in the district court that those convictions were relevant conduct and that he was entitled to credit for time served for the state sentences. He asks this court to remand the case back to the district court for a determination of whether the denial was based on this allegedly erroneous assertion by the Government.

We lack jurisdiction to review the denial of a downward-departure denial unless the district court held a mistaken belief that the Guidelines do not give it the authority to depart. *United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). The record in this matter does not reflect that the district court was under a mistaken belief that it lacked the authority to grant a downward departure. Johnson's objections to the presentence report, the Government's responses to those objections, and the amended presentence report all explained the possibility of a departure under § 5G1.3, comment. (n.5). Therefore, we will not review Johnson's request for a remand of his case to the district court for a clarification as to its reasons for denying a downward departure. *See Sam*, 467 F.3d at 861.

In addition, even if Johnson could establish error, any such error would be harmless because the district court stated that it would impose the same sentence regardless of any mistake in its calculation of a sentence. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.